**Thomas S. HUBER, d/b/a Alaska Foundation Co., Appellant,**

v.

**The INSURANCE COMPANY OF NORTH AMERICA, Appellee.**

No. S–2381.

Supreme Court of Alaska.

Sept. 9, 1988.

Robert C. Erwin, Michael J. Hanson, Erwin & Smith, Anchorage, for appellant.

Mark A. Sandberg, Camarot, Sandberg & Smith, Anchorage, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

OPINION

RABINOWITZ, Justice.

Thomas Huber, d/b/a Alaska Foundation Co., submitted a bid to the Insurance Company of North America (INA) to do foundation work on the residence of Roland and Georgine Meyer in Anchorage.[1]  The proposal was a standard contractor's form and included the following terms:

> We hereby propose to furnish all the materials and perform all the labor necessary for the completion of repairing the foundation of the Meyer residence at 8520 E 17th as shown on drawing 1 of 1 (attached).  Work shall include the placing of 2 ea 6″ 0 piles, installing = 10 LF of W  $10 \times 45$  beam, excavating and backfilling, and removing & replacing conc. slab outside garage.
>
> ....
>
> ... Owner to carry fire, tornado and other necessary insurance upon above work.  Workmen's Compensation and Public Liability Insurance on above work to be taken out by Alaska Foundation Co.

By letter dated September 23, 1982, INA and the Meyers accepted Huber's bid. INA's letter read in part as follows:

> Per your request, please consider this letter written authorization to proceed with repairs to the Meyer residence located at 8520 East 17th, as outlined in your proposal.  Authorization for this work is provided by the homeowner and our office in Philadelphia.

---

1. Huber's total bid for this work was $6,700.00.

In the course of performing the work, Huber struck a gas line. The escaping gas ignited and destroyed the Meyers' residence. The Meyers, through their homeowners' insurer,[2] sued both Huber and the gas company. Huber, through his liability insurer Providence Washington, settled the litigation.

Huber then instituted the instant suit, seeking recovery from INA for the loss he sustained in the settlement.[3] Both parties subsequently moved for summary judgment on the sole issue of whether INA was the "owner" under the contract for foundation work requiring it to carry fire insurance. The superior court granted summary judgment to INA, implicitly agreeing with INA's contention that since it was not the "owner" under the contract in question it had no obligation to obtain fire insurance on the foundation work described in the contract. This appeal followed.

## DID INA BREACH A CONTRACTUAL OBLIGATION TO CARRY FIRE INSURANCE?

Huber argues that INA was the "owner" for the purpose of the provision requiring the owner to carry "fire, tornado and other necessary insurance" upon the foundation work contemplated by the contract. INA responds that the plain meaning of "owner" refers to the Meyers, and that even if INA were required to carry fire insurance, the insurer would be subrogated to the rights of INA as the "owner" for a claim against Huber based on Huber's negligence.[4]

This court will interpret a contract to conform to the reasonable expectations of the parties as evidenced by "the language of the disputed provision, the language of other provisions of the contract, relevant extrinsic evidence, and case law interpreting similar provisions." *Peterson v. Wirum*, 625 P.2d 866, 872 n. 10 (Alaska 1981); *see also Fairbanks North Star Borough v. Tundra Tours, Inc.*, 719 P.2d 1020, 1024 (Alaska 1986).

Guided by these principles we conclude that the superior court erred in granting summary judgment to INA on the ground that it was not the "owner" under the contract and consequently had no obligation to carry fire insurance on the foundation work contemplated by the contract.[5] We think it clear that under the contract in question it was intended and agreed upon that INA was the "owner" of the foundation work which was the subject of the contract.[6]

Given our conclusion that INA was the "owner," we further conclude that the most appropriate resolution of this matter calls for reversal of the superior court's summary judgment in favor of INA and remand to the superior court for further proceedings. Such further proceedings are required, in part, to determine whether INA breached its obligation to carry fire insurance on the foundation work,[7] and, if it did, the extent of Huber's losses, if any.[8]

2. The Meyers had two different policies. INA provided homeowner's warranty insurance to cover latent defects in the home, such as the problem with the foundation. The Armed Forces Cooperative Assurance Association provided coverage against catastrophic loss.

3. In his complaint Huber alleged in part that "INA is liable for insurance to cover the reasonable value of the Meyer residence at the time of the fire."

4. This latter argument was neither raised nor briefed in the proceedings held before the superior court.

5. As noted previously the parties' cross-motions for summary judgment before the superior court focused exclusively on whether INA was the "owner" under the contract.

6. The contract in question required INA to procure "fire, tornado and other necessary insurance" upon the "above work." In this context "above work" constitutes the building materials which were to be used in carrying out the foundation repairs and work in progress.

7. Inherent in the resolution of this question is the further question of whether INA could satisfy its obligation to carry fire insurance by virtue of the Meyers' having obtained fire insurance.

8. In the event this issue is reached, the superior court will have to determine whether any claim for damages on Huber's part is barred by either collateral estoppel or res judicata arising out of the Meyers' litigation (and subsequent settlement) against Huber.

REVERSED and REMANDED for further proceedings not inconsistent with this opinion.